

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name:     Laurie Ann McRay, Infinity Capital, LLC, and McRay Money
                         Management, LLC v. Dow Golub Remels & Gilbreath PLLC
                         (assignee of DGR)

Appellate case number:   01-21-00032-CV

Trial court case number: 2015-47112

Trial court:             333rd District Court of Harris County

On March 26, 2021, appellants, Laurie Ann McRay, Infinity Capital, LLC, and McRay Money Management, LLC filed a "Motion to Supplement the Clerk's Record & Notice of Supplemental Reporter's Record Request." In the motion, appellants: (1) notify this Court that after reviewing the clerk's record, filed by the trial court clerk on February 15, 2021, appellants "noticed several missing items," (2) notify this Court that they have sought that a transcript of a trial court hearing, held on March 11, 2021 regarding appellants' motion for new trial/rehearing, be included in the reporter's record, and (3) "request that this Court abstain from setting a briefing deadline until the official appellate record . . . is complete."

With respect to items appellants seek to be included in the clerk's record, appellants' motion states that it "move[s] to supplement the filed [c]lerk's [r]ecord" with certain items appellants believe to be missing from the clerk's record filed on February 15, 2021. The motion later notes that appellants have "contacted the [d]istrict [c]lerk to request that a [s]upplemental [c]lerk's [r]ecord be filed and [have] made payment arrangements." It is not clear from appellants' motion what relief, if any, appellants seek from this Court regarding their request for the preparation of a supplemental clerk's record. A request for preparation of a supplemental clerk's record should be directed to the trial court clerk. *See* TEX. R. APP. P. 34.5(c)(1) (for any item missing from clerk's record, "any party may by letter direct the trial court clerk" to prepare supplemental clerk's record). Accordingly, to the extent appellants request this Court to take any action regarding their request for a supplemental clerk's record, such request is **denied**.

Appellants' motion next notifies the Court that a supplemental reporter's record, including a transcript from a March 11, 2021 trial court hearing, has been requested.

However, as of the date of this order, no reporter's record has been filed. On March 22, 2021, Benjamin Alva, the official court reporter for the 333rd District Court, filed an "Information Sheet by Court Reporter," requesting an extension of the deadline to file the reporter's record. This Court granted the court reporter's request, extending the deadline to file the reporter's record to April 19, 2021. It does not appear appellants' motion seeks any relief regarding the reporter's record. However, to the extent any relief is sought, such relief is **dismissed as moot** because the deadline for the court reporter to file the reporter's record has not passed.

Finally, because the appellate record is not yet complete, appellants' motion "request[s] that this Court abstain from setting a briefing deadline." The Texas Rules of appellate Procedure govern deadlines for the filing of briefs. *See* TEX. R. APP. P. 38.6(a) (appellant must file brief within thirty days of the date the clerk's record or reporter's record is filed, whichever is later). As noted above, the clerk's record was filed on February 15, 2021[1], and the deadline for filing the reporter's record is April 19, 2021. Because, and as is noted in appellants' motion, the appellate record is not yet complete, no deadline for filing of appellants' brief has been established. *Id.* Accordingly, appellants' "request that this Court abstain from setting a brief deadline" is **dismissed as moot**.

It is so ORDERED.


Judge's signature: ____/s/ Amparo Guerra_____
☑ Acting individually   ☐ Acting for the Court

Date: __April 1, 2021___

---

[1]     While appellants have requested a supplemental clerk's record, the Texas Rules of Appellate Procedure do not provide for the delay of setting of briefing deadlines for the filing of a supplemental clerk's record. *See* TEX. R. APP. P. 34.5, 38.6(a). However, to the extent the reporter's record is filed prior to the supplemental clerk's record, and appellants deem it necessary to seek an extension for the filing of their appellants' brief, nothing in this order prevents appellants from making such a request. *See* TEX. R. APP. P. 10.5(b), 38.6(d).